In the Matter of JOHN ROMANELLO, Appellant, against WALTER WILLIG et al., Constituting the Board of Education, Union Free School District No. 4, Town of Rye, Westchester County, et al., Respondents.— In this proceeding pursuant to article 78 of the Civil Practice Act, the petitioner, a teacher in the employ of the respondent board of education, and who serves as such in a school under the jurisdiction of that board in the village of Port Chester, sought a review of the determination of the said board denying him a promotional increment and of the evaluation by the respondent superintendent of schools of the petitioner's services with respect to the petitioner's qualification for the said increment. Order confirming the determination of the respondent board of education and dismissing the petition affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston and Sneed, JJ., concur; Wenzel, J., with whom MacCrate, J., concurs, dissents, with the following memorandum: I dissent and vote to reverse the order of the Special Term, to annul the determination of respondent board of education, and to remit the matter to respondents for action not inconsistent with the views expressed below. Subdivision 5 of section 3102 of the Education Law, sets forth four standards under which teachers may be judged to qualify for promotional increments. It then provides "Based upon these standards  *  *  * school authorities shall adopt bylaws". As contemplated, the Commissioner of Education promulgated regulations for implementation of the statute. These regulations, *inter alia*, directed that local school authorities, (here the board of education) "take action indicating which of the 'one or more' 'special contributions' specified in" the statute "is, or are, to be considered locally in granting promotional increments." This is error. The statute does not so provide. It does not say "based upon one or more of these standards" but "Based upon these standards" (four). If the local school authority has the right to ignore standard "b", they may also ignore standard "a", under the regulation as promulgated by the Commissioner of Education. This would be absurd. Of course, the amount of credit given for activities under these four standards may vary, depending upon the needs of the community served by the board of education. That undoubtedly is the reason that the Legislature, by the last paragraph of subdivision 5 of section 3102, left it to the local school authorities to adopt by-laws separately. They may not, however, entirely ignore any of the standards. Here the board of education "refused to consider such reports" (referring to matter submitted by the appellant under subdivision "b" of the four standards). It should have given due consideration to the proffered evidence. [198 Misc. 354.]